UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| **UMAR FAROOQ,** on behalf of himself and all others similarly situated individuals,<br><br>    **Plaintiff,**<br>  v.<br><br>**JAFFE & ASHER LLP,**<br>    **Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant JAFFE & ASHER, LLP, (hereinafter "Jaffe") alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff brings this action on all causes of action on behalf of himself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Umar Farooq, ("Umar") is a natural person residing in the State of Maryland.

4. Umar is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

1

5. Upon information and belief Defendant Jaffe Asher, LLP and is a professional service limited liability partnership that did transact, and does now presently transact business in the State of New York.

6. Defendant Jaffe is authorized to conduct business in the State of New York through its professional business address of 600 Third Avenue, New York City, New York 10016.

7. Upon information and belief, Defendant Jaffe regularly attempts to collect consumer debts alleged to be due to another.

8. Upon information and belief Defendant Jaffe is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

10. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff adopts and realleges the foregoing as fully restated herein.

12. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation to American Express Centurion Bank (hereinafter "American Express") that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Jaffe, upon information and belief and at all times relevant has been the attorneys for American Express in connection to the underlying debt.

15. Consequently, Defendant began their collection efforts to collect said debt from Plaintiff.

16. Subsequently, on or about December 9, 2011, American Express via its attorneys Defendant Jaffe, filed an action against the Plaintiff to recover this debt in the Queens County jurisdiction of the New York City Civil Court, entitled American Express Centurion Bank v. Umar Farooq, Index No.: CV-110447/2011.

17. On or about March 8, 2012, Defendant obtained a default judgment against the Plaintiff in the amount of $8,592.86.

18. It is extremely important to note that the Plaintiff has did not live in the county of Queens when the Civil Court Action was commenced against him. In fact, Plaintiff did not reside in the State of New York at that time. At the time the action was commence Plaintiff resided in the State of Ohio.

19. Plaintiff had no idea that this action to collect this debt was filed against him, much less Defendant obtaining a default judgment.

20. Plaintiff first found out about the Civil Court Action and the judgment when he received a request to file a foreign judgment that was filed with his local courthouse on or about August 2, 2017. It was at this time that Plaintiff learned that this alleged debt had now ballooned over sixteen thousand dollars.

21. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

22. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

23. In light of the facts articulated herein, Defendant attempted to collect a debt communicating false representations or utilizing deceptive means.

24. In light of the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

25. In light of the facts articulated herein, Defendant brought a legal action in a location other than where the consumer resided.

26. Defendant' activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(10), 1692f and 1692i(a)(2) amongst others.

27. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

28. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

29. Defendant Jaffe violated the FDCPA. Defendant's violations include, but are not limited to the following: d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

4

    ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii. Defendants violated 15 U.S.C. § 1692e(10) by utilizing false representation or deceptive means to collect a debt;

    iv. Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

    v. Defendant violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action in a location other than where the contract was signed or where the consumer resided.

    vi. Where there is no signed contract the FDCPA prohibits a debt collector from commencing an action anywhere besides the judicial district where the consumer resides. See Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

## VII. CLASS ALLEGATIONS

30. The causes of action are brought on behalf of Plaintiff and the members of a class.

31. The class consists of all persons within the United States whom Defendant or its agents initiated civil cases outside of the judicial district where consumers resided or where contracts or agreements were signed, to obtained judgments against the consumers within the fifteen years prior to the filling of the Complaint.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiff and members of the Class were further harmed by the acts of Defendant in at least the following ways: Defendant Jaffe, brought lawsuits against consumers in geographic locations outside of the judicial district where the consumers lived in violation of the Fair Debt Collection Practices Act.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant records or its agents' records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following: (a) whether, within the fifteen years prior to the filing of this Complaint, Defendant or their agents initiated civil cases outside of the judicial district where class members resided to obtained judgments against the Plaintiff or class members, (b) whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and (d) whether Defendant and their respective agents should be enjoined from engaging in such conduct in the future.

37. Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Violation of § 1692d Of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

42. Plaintiff adopts and realleges the foregoing as fully stated herein.

43. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

44. Defendant's violation of §1692d of the FDCPA, include, but are not limited to, commencing the Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt.

45. Defendant's violation of §1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k*.

46. By commencing the Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

47. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

48. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

49. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

50. Plaintiff adopts and realleges the foregoing as fully stated herein.

51. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See*, 15 U.S.C. §1692e.

52. Defendant's violation of §1692e of the FDCPA, include, but are not limited to, commencing the Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt.

53. Defendant's violation of §1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k.

54. By commencing the Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

55. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

56. Defendant's violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k(a)(1).

57. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

58. Plaintiff adopts and realleges the foregoing as fully stated herein.

59. Section 1692e(10) of the FDCPA prohibits a debt collector from utilizing deceptive means to collect a debt. *See, 15 U.S.C. §1692e(10)*

60. Defendant's violations of §1692e(10) of the FDCPA, include, but are not limited to, commencing a Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt.

61. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k*.

62. By commencing the Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

63. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e(10) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

64. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

65. Plaintiff adopts and realleges the foregoing as fully stated herein.

66. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

67. Defendant's violations of §1692f of the FDCPA, include, but are not limited to, commencing the Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt.

68. Defendant's violations of §1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k*.

69. By commencing the Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

70. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

71. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT V

### Violation of § 1692i(a)(2) Of the FDCPA – Bringing a legal action in a location other than where the contract was signed or where consumer resides

72. Plaintiff adopts and realleges the foregoing as fully stated herein.

73. Section 1692i(a)(2) of the FDCPA prohibits a from bringing a legal action in a location other than where the contract was signed or where the consumer resides. *See, 15 U.S.C. § 1692i(a)(2).*

74. Where there is no signed contract the FDCPA prohibits a debt collector from commencing an action anywhere besides the judicial district where the consumer resides. *See Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).*

75. As previously articulated above, Plaintiff, never signed a contract creating the underlying debt which created the alleged basis for the Civil Court Action. Even if Plaintiff did sign an agreement creating the debt (which he did not), Plaintiff never resided within the judicial district of the Queens County Civil Court at the time or prior to the commencement of the Civil Court Action. Additionally, at the time of the Civil Court Action Plaintiff resided in the District of Columbia.

76. By commencing the Civil Court Action in a judicial district other than where the Plaintiff resided, the Defendant made it impossible that Plaintiff would have been able to become aware of the Civil Court Action and properly defend himself in that action. These acts made it easy for Defendant to obtain a judgment against Plaintiff.

77. Defendant's violations of §1692i(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

78. By commencing the Civil Court action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

79. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692i(a)(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant' abusive attempts to collect a debt.

80. Defendant's violations of § 1692i(a)(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. §1692k(a)(1).*

81. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VI

### Violations of the New York General Business Law § 349

82. Plaintiff adopts and realleges the foregoing as fully stated herein.

83. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

84. GBL § 349 provides in relevant part as follows:

    a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

    And;

    h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to*

13

> *an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

85. It is the regular business practice of Defendant to harass consumers in an abusive manner by commencing Civil Court actions in locations where the consumers do not reside or sign agreements which creates the alleged debts as a means to pressure the alleged debtor.

86. Defendant engaged in such deceptive practices aimed at other consumers.

87. Defendant's actions have a broad impact on consumers at large.

88. By unlawfully harassing Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

89. By unlawfully seeking to collect a debt from Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

90. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

91. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Umar Farooq prays that this Court:

a. Grant an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

b. Create a common fund available to provide notice of and remedy Defendant's violations;

c. Declare that Defendant violated the FDCPA;

d. Declare that Defendant violated NY GBL;

e. for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant for Plaintiff;

f. Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

g. Enter judgment enjoining Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

h. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Umar Farooq demands trial by jury.

Respectfully submitted,

Dated: January 11, 2018

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**